UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Reginald C. Sweat, | ) | C/A No.   0:08-2732-HFF-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Alvin S. Glenn Detention Center, | ) | **Report and Recommendation** |
| | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Reginald C. Sweat, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1]  Plaintiff is a detainee at the Alvin S. Glenn Detection Center (ASGDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915.  The complaint alleges "negligence, pain and suffering, emotional distress,"  seeks "proper treatment for my back and neck pains," and names the ASGDC as the sole Defendant.

Under established local procedure in this judicial district, a careful review has been made of  the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents:  *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).  As

---

[1] Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.



the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. at 519; *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978)*; Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). Even when considered under this less stringent standard, however, the *pro se* complaint is still subject to summary dismissal, as the requirement of liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

<u>Background</u>

Plaintiff alleges that, on May 12, 2008, he slipped on a bar of soap in a shower at the ASGDC. Plaintiff states that he fell, hitting his "back against the floor and my head against the wall." Plaintiff was transported to a local hospital where he was treated and released. Plaintiff attributes his fall to the ASGDC's failure to "put proper rubber place matts [sic] in and out of the showers."

<u>Discussion</u>

Plaintiff's complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979); *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999) (A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief."). However, to state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).



It is well settled that only "persons" may act under color of state law." The Alvin S. Glenn Detention Center (ASGDC) is a facility used to house prisoners and detainees, and inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999), *overruled on other grounds, Preval v. Reno*, 203 F.3d 821 (4th Cir. 2000)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Hence, the ASGDC is not a "person" subject to suit under 42 U.S.C. § 1983, and is entitled to summary dismissal as a party Defendant.

In addition, to the extent Plaintiff alleges negligence in relation to the ASGDC's lack of proper shower flooring or in relation to the medical treatment provided by the ASGDC as a result of Plaintiff's fall, such a claim is not cognizable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-348 (1986)*; Estelle v. Gamble*, 429 U.S. 97, 106 (1976)(negligent or incorrect medical treatment is not actionable under 42 U.S.C. § 1983); *Pink v. Lester*, 52 F.3d 73, 78 (4th Cir.1995) ("The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct"); *Ruefly v. Landon*, 825 F.2d 792, 793-794 (4th Cir. 1987). Thus, Plaintiff's claim of negligence, even if asserted against a proper defendant, would be subject to summary dismissal.

## Recommendation

Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. *See Denton v. Hernandez*, 504



U.S. at 31; *Neitzke v. Williams*, 490 U.S. at 324-25; *Todd v. Baskerville* 712 F.2d at 74. Plaintiff

may file a negligence claim in state court, if he so chooses.

Plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

August 13, 2008
Columbia, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

